(20 App. Div. 3.)

BRENNER et al. v. McMAHON et al.

(Supreme Court, Appellate Division, Second Department.  July 13, 1897.)

ACTION BY EXECUTORS—COMPLAINT.
  A complaint which states that a certain person died; that she left a
  last will and testament, which was duly admitted to probate by the sur-
  rogate of a county named, and is recorded in such county; that in and by
  such will she appointed the plaintiffs executors and trustees; and that on
  a certain day letters testamentary were issued to the plaintiffs, who duly
  qualified as such on said day,—sufficiently alleges the appointment and
  authority of the plaintiffs as executors, without stating in terms that they
  were appointed in any proceeding before the court, or by any surrogate.

  Appeal from Kings county court.
  Action by Jacob Brenner and Annie F. Doyle, as executors of
Ellen McMahon, deceased, against Alice McMahon and others.  From
an interlocutory judgment entered on a decision overruling defend-
ants' demurrer to the complaint, defendant Alice McMahon appeals.
Affirmed.
  Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and BRADLEY, JJ.

  John McCrone, for appellant.
  Jacob Brenner, for respondents.

  BRADLEY, J.  The action, as appears by the complaint, was
brought in the county court of Kings county for the foreclosure of
a mortgage, of date March 20, 1895, made by John McMahon to the
plaintiffs' testatrix (who at the time of her death was the wife of the
mortgagor), upon certain real property situated in that county, to
secure the payment of $14,000, with interest, on the 20th day of
March, 1896, according to the condition of his bond of the like effect
and of the same date.  The plaintiffs alleged the execution and de-
livery of the bond and mortgage by the defendant John McMahon to
the plaintiffs' testatrix, and his default in payment, and further al-
leged that:

  "On the 8th day of February, 1896, the said Ellen McMahon died at the city
of Brooklyn, leaving a last will and testament, dated February 3, 1896, which
was duly admitted to probate by the surrogate of the county of Kings on the
15th day of February, 1896, and is recorded in the office of said surrogate, in
Liber 212 of Wills, page 362; that in and by said last will and testament the
said Ellen McMahon duly appointed these plaintiffs to be the sole executors
and trustees thereof, and on the said 15th day of February, 1896, letters testa-
mentary were duly issued to these plaintiffs, who had duly qualified as such
on the same day."

  The defendants' demurrer to the complaint is (1) that the court has
no jurisdiction of the person of the defendants; (2) that the com-
plaint does not state facts sufficient to constitute a cause of action;
(3) that the plaintiffs have not legal capacity to sue.  The first ground
is disposed of by the allegation to the effect that the mortgaged
premises are situated in the county of Kings.  Code Civ. Proc. § 340,
subd. 1.  The bond or obligation of the defendant John McMahon,
his mortgage as security for the payment of the amount, and his

default, are sufficiently described and alleged for the purpose of the relief sought.

The main question urged on the part of the defendant arises upon the allegation relating to the appointment of the plaintiffs as executors, and their authority to assume that relation in this action. The making and the probate of the will of the testatrix are well alleged, as is the fact that by it she appointed the plaintiffs to be the executors thereof. The averments which then follow, that letters testamentary were duly issued to those plaintiffs, who duly qualified, were, in the view taken of them, sufficient to the effect that they were clothed with the authority of that relation. Executors derive their authority from the will of their testator. Hartnett v. Wandell, 60 N. Y. 346. But the evidence of it is dependent upon the probate of the will, and the issuance to them of letters. Before that is done they have, in this state, no power to dispose of any of the estate, except to pay funeral charges, nor to interfere with it further than is necessary for its preservation. 2 Rev. St. p. 71, § 16. And every person named in a will as executor, and not named as such in the letters testamentary, is deemed to be superseded thereby. Id. § 15. It is therefore necessary, in support of the authority of an executor to do any act, as such, beyond what is necessary to preserve the estate of his testator, and the appropriation of that required for funeral expenses, to have letters. In this case it is alleged that letters testamentary were duly issued to the plaintiffs, and that they had duly qualified as such on the day named. The insistence of the defendants' counsel is to the effect that there is no allegation that they were appointed as executors in any proceeding before the court, by any surrogate, or by the determination of any surrogate, or that letters testamentary were duly issued by any surrogate. It is true that the averments as to the letters are not as full and complete as they very properly might have been; but taken with the allegations relating to the making of the will, appointing the plaintiffs as executors, and the admission of the will to probate by the surrogate of Kings county, those which in that connection followed, to the effect that letters testamentary were duly issued to them, and that they duly qualified, have the requisite support to render them effectual. Code Civ. Proc. § 532. The case of Secor v. Pendleton, 47 Hun, 281, does not necessarily apply to the question here. The averment there, that letters of administration were duly granted to the plaintiff, etc., was barren of support by any allegation that the intestate died, having property in the state, or that letters of administration had been issued upon his estate by any surrogate having authority within this state. There is a difference in the source of power of an executor and an administrator. While the former derives his power from the will, the latter, in his relation as such, is created by the court, and derives his authority from the law. His appointment is dependent upon a situation and a state of facts to be made to appear in a proceeding instituted for the purpose. In the present case the letters testamentary alleged to have been duly issued were legitimately the result of the alleged admission of the will to probate by the surrogate of Kings county on the same day. And the construction of the alle-

gations fairly permitted and required is that the letters were issued in the same proceeding in which the will was admitted to probate.

These views lead to the conclusion that the interlocutory judgment should be affirmed, with leave to the defendant to answer on payment. of costs. All concur.